# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY C. RICHARD,<br><br>        Plaintiff,<br><br>    v.<br><br>MCI WORLDCOM,<br><br>        Defendant.<br>_____/ | CASE NO. 1:06-CV-00820 AWI SMS P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 1) |

I.    <u>Findings and Recommendations Following Screening of Complaint</u>

    A.    <u>Screening Requirement</u>

Plaintiff Timothy C. Richard ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 12, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. First Amendment Claim

In his complaint, plaintiff alleges that defendant MCI Worldcom ("MCI") is impeding his right to keep in contact with his friends and family by blocking their phone numbers. Plaintiff's exhibits establish that the blocking policy at issue affects specific unbillable telephone numbers. (Comp, court record pgs. 11 and 13.) MCI blocks telephone calls from inmates to individuals that MCI cannot bill for the phone calls. (Id.) Family and friends with such numbers may call MCI to make arrangements under which they can be billed by MCI. (Id.)

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Private parties such as

MCI are generally not acting under color of state law, and plaintiff has set forth no allegations that MCI is acting under color of state law.  See <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).  However, "[a]ction taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action."  <u>Howerton v. Gabica</u>, 708 F.2d 380, 382 (9th Cir. 1983); <u>see</u> also <u>West v. Atkins</u>, 487 U.S. 42, 54 (1988); <u>Lopez v. Dept. of Health Svcs.</u>, 939 F.2d 881, 883 (9th Cir. 1991).  Therefore, for purposes of this screening, the court will assume that plaintiff may be able to cure this deficiency by alleging sufficient involvement with the state to satisfy the requirement that the action complained of was taken under color of state law.

It is questionable whether plaintiff has standing to bring a claim against MCI based on its failure to allow collect calls to go through to certain numbers.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130 (1992); <u>see</u> also <u>Woods v. Carey</u>, No. CIV-S-05-0049 MCE DAD P, 2005 WL 3436366, *2 (E.D.Cal. Dec. 14, 2005).  However, assuming an argument can be made that plaintiff has standing, the constitutional right at issue here is "the First Amendment right . . . to communicate with persons outside prison walls," and "[u]se of a telephone provides a *means* of exercising this right."  <u>Valdez v. Rosenbaum</u>, 302 F.3d 1039, 1048 (9th Cir. 2002) (emphasis in original).

Plaintiff does not have a constitutionally protected right to demand that he be allowed to place telephone calls to phone numbers belonging to individuals that the company providing the service has no ability to collect payment from.  Plaintiff's ability to access the telephone is not being restricted in its entirety.  Rather, it is restricted only to the extent that calls to unbillable numbers are blocked.  Plaintiff has other avenues to exercise his right to communicate with others outside of prison, via visitation or written communication.  Further, if those individuals plaintiff wishes to communicate with by phone are willing and able to pay for plaintiff's collect phone calls, they are free to contact MCI to make billing arrangements.  MCI is not required to provide free services to plaintiff or his friends and family.

C.   <u>Conclusion</u>

The court finds plaintiff's complaint fails to state a claim for relief under section 1983 for violation of the First Amendment.  For the reasons set forth in the preceding paragraph, plaintiff's

1  claim is not amenable to amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).
2  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for
3  failure to state a claim upon which relief may be granted.
4       These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
6  **days** after being served with these Findings and Recommendations, plaintiff may file written
7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
10 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.
13 **Dated:    October 27, 2006**              /s/ Sandra M. Snyder
   icido3                        UNITED STATES MAGISTRATE JUDGE